UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ROBERT CHEN,

              Petitioner,

v.

JUNYING HAO,

              Respondent.

NO. 2:26-mc-00033-JNW

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA BY NON-PARTY JUNYING HAO**

**NOTING DATE: JUNE 12, 2026**

Petitioner Robert Chen is a party to two actions pending in the United States District Court for the District of Maryland. He is a defendant in *Yao v. Chen*, No. 23-cv-00889-TDC, and a plaintiff in *Chen v. Chen*, No. 24-cv-03628-TDC. Pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, Robert Chen hereby moves for an Order of this Court compelling Junying Hao to comply with a third-party subpoena seeking production of documents.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - i

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**................................................................................................iii

**INTRODUCTION** ...................................................................................................... 1

**BACKGROUND**......................................................................................................... 1

    A. Pending Litigation in the District of Maryland ............................................. 2

          1. OtterSec LLC's Cryptocurrency Codes Stolen by Ms. Hao's Cousin .............. 2

          2. *Yao v. Chen* and *Chen v. Chen* ................................................. 3

          3. David and Plaintiff Yao's Spoliation and Unreliable Document Production..... 3

          4. David and Plaintiff Yao Communicated with Ms. Hao about Relevant Topics 4

    B. Ms. Hao's Failure to Comply with a Valid Subpoena...................................... 6

    C. Robert's Counsel Have Endeavored in Good Faith to Confer with Ms. Hao ................ 7

**LEGAL STANDARD**................................................................................................ 7

**ARGUMENT** ............................................................................................................ 8

I.    Ms. Hao Has Failed to Comply with the Subpoena ......................................... 8

II.    The Court Should Grant the Motion to Compel, as the Discovery Sought Is Relevant and Ms. Hao Has Waived Objections to the Subpoena......................................... 11

    A. Robert Is Seeking Relevant Documents ...................................................... 11

    B. Ms. Hao Has Waived Objections to the Subpoena........................................ 12

**CONCLUSION** ...................................................................................................... 13

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - ii

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# TABLE OF AUTHORITIES

**Cases**:

*Dermer v. Saltworks, Inc.*,
No. C23-0443-JCC, 2023 WL 8780137 (W.D. Wash. Dec. 19, 2023)..........................7

*Fernandez-Medina v. Olivarez*,
No. 3:20-cv-05703-RAJ-JRC, 2022 WL 4120167 (W.D. Wash. Sept. 9, 2022) ..7-8, 11

*GMS Indus. Supply, Inc. v. G&S Supply, LLC*,
Civ. No. 2:19-CV-324 (RCY), 2022 WL 853626 (E.D. Va. Mar. 22, 2022).................9

*Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*,
No. MC23-56RSL, 2023 WL 5533575 (W.D. Wash. Aug. 28, 2023)..........................8

*In re Paatalo*,
No. 9:26-mc-01-DWM, 2026 WL 446429 (D. Mont. Feb. 17, 2026)........................13

*Inland Tech. Inc. v. Allen Co., Inc.*,
No. 24-cv-5913, 2025 WL 3492846 (W.D. Wash. Dec. 5, 2025)................................7

*Lifestyle Realty, LLC v. Kirn*,
No. CV MJM-23-629, 2025 WL 2719984 (D. Md. Sept. 23, 2025).............................9

*Pizzuto v. Tewalt*,
136 F.4th 855 (9th Cir. 2025) ...................................................................................11

*Sandoval v. Cnty. of San Diego*,
985 F.3d 657 (9th Cir. 2021) .....................................................................................11

*Uzzell v. Teletech Holdings, Inc.*,
No. C07-0232MJP, 2007 WL 4358315 (W.D. Wash. Dec. 7, 2007)......................8, 13

**Statutes and Rules**:

Fed. R. Civ. P. 26(b)(1) ................................................................................................8

Fed. R. Civ. P. 37(a)(4) ..........................................................................................7, 10

Fed. R. Civ. P. 45(a)(1)(A)(iii)....................................................................................7

Fed. R. Civ. P. 45(d)(2)(B)...............................................................................7, 11, 12

Fed. R. Civ. P. 45(d)(2)(B)(i) .......................................................................................7

Fed. R. Civ. P. 45(e)......................................................................................................7

W.D. Wash. Local Civ. R. 37........................................................................................7

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - iii

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## INTRODUCTION

Respondent Junying "June" Hao, a resident of Mercer Island, Washington, failed to produce documents responsive to a duly served subpoena ("the Subpoena"), Ex. A,[1] issued in two pending civil actions in the U.S. District Court for the District of Maryland, where her cousin and aunt are parties. Ms. Hao served no objections, did not move to quash, missed the production deadline, and, several days later, handed the process server a three-sentence letter asserting she had no responsive documents.

Ms. Hao's untimely response appears false. Party discovery in the two pending lawsuits has unearthed dozens of relevant and responsive documents that were unequivocally in Ms. Hao's possession at one time and likely still are.

Third-party discovery has proven particularly important in the Maryland lawsuits because Ms. Hao's cousin, David Chen—the central figure and document custodian in one of the cases and the defendant in the other—has admitted to deliberately deleting massive amounts of electronically stored information while under a duty to preserve documents and while discovery was underway.

Counsel for Petitioner Robert Chen ("Robert") has tried, repeatedly, to discuss this matter with Ms. Hao. She has not responded to Robert's counsel's messages sent via email, phone, or text. Robert now moves this Court for an order compelling Ms. Hao's compliance.

---

[1] All exhibits referenced herein are exhibits to the Declaration of Kevin P. Crenny, which accompanies this Motion.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 1

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## BACKGROUND

### A. Pending Litigation in the District of Maryland

The Subpoena was issued in connection with *Yao v. Chen*, 23-cv-889-TDC and *Chen v. Chen*, 8:24-cv-03628-TDC. Both lawsuits relate to a business, OtterSec LLC, founded by Robert and Ms. Hao's cousin, David Chen ("David"), when they were teenagers in early 2022. *See* Decl. ¶¶ 4-5, Ex. B (*Yao* Compl.) ¶¶ 1-6 & Ex. C (*Chen* 2d Am. Compl.) ¶¶ 1-17, 27-30. (Robert and David are not related.)

### 1. OtterSec LLC's Cryptocurrency Codes Stolen by Ms. Hao's Cousin

OtterSec audited software code for businesses operating on the blockchain, and also developed and executed strategies for trading cryptocurrencies. *Id.*, Ex. C ¶ 1. OtterSec's cryptocurrency trading business was powered by sophisticated computer codes. *Id.*, Ex. C ¶¶ 5-7. One such code, the "OtterSec Solend Liquidator Code," is the focus of *Chen v. Chen*.

On April 27, 2022, David abruptly quit the company and stole the OtterSec Solend Liquidator Code, along with another trading code, the mSOL Market Maker Code (together "the OtterSec Codes"). *Id.*, Ex. C ¶¶ 11, 89, 190. David then used the OtterSec Solend Liquidator Code for his own benefit, taking in more than $1.5 million that should have been earned by the Company. *See id.*, Ex. C ¶ 10; Decl. ¶ 6, Ex. D at 10 (Resp. to Interrog. No. 9, First Set of *Chen* Interrogs.).

Robert dissolved OtterSec in September 2022, roughly two months after the only other member of the LLC—David's father, Sam Chen (Ms. Hao's uncle)[2]—had died in a car accident.

---

[2] David's father served as a member of the LLC in David's place because David was not yet 18 when the company was founded. Decl. ¶ 4, Ex. C ¶¶ 2-3.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 2

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Decl. ¶ 5, Ex. C ¶¶ 112-14. In the winding-up process, Robert purchased all of the company's assets and legal claims. *Id.*, Ex. C ¶ 114.

### 2. *Yao v. Chen* and *Chen v. Chen*

Ms. Hao's aunt, Li Fen Yao ("Plaintiff Yao"), filed the first of the two Maryland lawsuits, *Yao v. Chen*, in her capacity as administrator of Sam Chen's estate. Decl. ¶ 4, Ex. B (*Yao* Compl.). Plaintiff Yao alleged that Robert neglected to inform David or Sam Chen in spring 2022 that a company called Jump Crypto was considering acquiring OtterSec. *Id.*, Ex. B ¶¶ 50-65. The complaint also alleged Robert did not pay full value for OtterSec's assets during the winding-up process. *Id.*, Ex. B ¶¶ 3, 103. Plaintiff Yao seeks a declaration that the Estate is entitled to a 40% or 50% interest in Robert's new companies, RC Security LLC and Otter Audits LLC. *Id.*, Ex. B, Request for Relief. While Ms. Hao's aunt is the Plaintiff, her cousin David is the central figure in *Yao v. Chen* — Plaintiff Yao relied entirely on David's documents and information to craft her case, and has responded to discovery almost exclusively with documents and information that David provided. Decl. ¶ 7, Ex. E, at ¶¶ 8-9, 128, 133.

Robert filed *Chen v. Chen* against David in September 2024, bringing claims based on David's theft of the OtterSec Codes and subsequent theft of cryptocurrency tokens (specifically "JUP" tokens) from a wallet owned by OtterSec. Ex. C (*Chen* 2d Am. Compl.) ¶¶ 121-26. The court consolidated *Chen v. Chen* with *Yao v. Chen* on March 4, 2025. Decl. ¶ 8, Ex. F.

Both cases are in discovery. Decl. ¶ 28. The deadline for the substantial completion of document discovery was January 20, 2026. *Id.*

### 3. David and Plaintiff Yao's Spoliation and Unreliable Document Production.

As authorized by the Magistrate Judge in the Maryland lawsuits, Robert has filed two motions for sanctions against Ms. Hao's relatives. *See* Order at 6, ECF 183 (Nov. 24, 2025);

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 3

Mot. for Sanctions, ECF 194 (Mar. 5, 2026); Mot. for Spoliation Sanctions, ECF 197 (Mar. 19, 2026), Case No. 8:23-cv-00889-TDC-GLS (D. Md.).

One of these motions concerns spoliation of evidence. In addition to deleting OtterSec company records the moment he quit OtterSec and anticipated being sued by Robert, David deleted over 17,000 messages he sent over Discord, a chat application that he used to discuss the Solend Liquidator Code, OtterSec, Robert, his family, and other topics of relevance to this litigation. Decl. ¶ 9, Ex. G (Memo. in Supp. of Mot. for Spoliation Sanctions) at 2–4, 11–13. David has admitted that many of the messages he deliberately deleted were relevant to the parties' claims and defenses in the litigation. *Id.* David also admits to having destroyed records of edits he made to the stolen codes; admits to having failed to preserve Signal messages with a key witness; and has been unable to account for why his cell phone malfunctioned just days after his mother filed *Yao v. Chen*, rendering all data on the phone completely inaccessible.[3] David's mother was unable to describe any steps that she or David's father took to preserve evidence by preventing their son from destroying potentially relevant evidence, even after they knew that he had deleted company records when leaving OtterSec. Ex. G at 9.

The second motion concerns David's, Plaintiff Yao's, and their counsel's abusive and vexatious conduct in discovery, including their incomplete and unreliable document productions. Decl. ¶ 10, Ex. H (Memo. in Supp. of Mot. for Sanctions) at 5–8, 11.

---

[3] A forensic expert examining the malfunctioning phone said that David's explanations for how it became inoperable were "highly unlikely" and "improbable." Ex. G at 14–16.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 4

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### 4. David and Plaintiff Yao Communicated with Ms. Hao about Relevant Topics.

Although Ms. Hao's aunt and cousin have produced *some* communications with Ms. Hao that would be responsive to the Subpoena, her family's spoliation of evidence and untrustworthy document productions (discussed above) make Ms. Hao's production necessary for Robert's claims and defenses in Maryland.

David has said that he discussed the codes that he took from OtterSec with Ms. Hao. Decl. ¶ 11, Ex. I (Resp. to Interrog. No. 15, Second Set of *Chen* Interrogs.). Plaintiff Yao has stated that Ms. Hao is one of only two people, other than David and her counsel, with whom she has discussed *Yao v. Chen*. Decl. ¶ 12, Ex. J (Resp. to Interrog. No. 18, Third Amended Responses to Second Set of *Yao* Interrogs.). She said that Ms. Hao has "stayed with Plaintiff [Yao] during the Relevant Period" and that they "discussed many aspects of th[e] case generally." Many of those discussions occurred in text messages or emails that have been produced by David and Plaintiff Yao, and are responsive to the Subpoena's requests for documents concerning "OtterSec," "Robert Chen," "RC Security LLC," "Otter Audits LLC," "Sam Chen's Estate," and "this Action." *See* Decl. ¶ 3, Ex. A (Subpoena to Ms. Hao) at 3. For example:

- On September 21, 2022, Plaintiff Yao emailed Ms. Hao a document detailing OtterSec's assets, including legal claims against David and against Sam Chen's Estate, and also containing instructions for how Plaintiff Yao could make an offer for those assets. Decl. ¶ 13, Ex. K. This email concerns "OtterSec," "Robert Chen," "Sam Chen's Estate," and "this Action." *See* Ex. A at 3.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 5

- Between August 2022 and January 2023, Plaintiff Yao and Ms. Hao exchanged a series of emails relating to the administration of Sam Chen's estate. *See* Decl. ¶¶ 14–15, Exs. L and M. These messages concern "Sam Chen's Estate." *See* Ex. A at 3.

- Between March 2023 and March 2024, Plaintiff Yao and Ms. Hao exchanged at least eight text messages about Robert or the lawsuits. Decl. ¶ 16, Ex. N. These messages concern "OtterSec," "Robert Chen," and "this Action." *See* Ex. A at 3.

- On at least 11 occasions between February 2023 and March 2024, Plaintiff Yao forwarded to Ms. Hao emails providing updates on the two pending lawsuits. *See* Decl. ¶ 17, Ex. O. These messages concern "OtterSec," "Robert Chen," "RC Security LLC," "Otter Audits LLC," "Sam Chen's Estate," and "this Action." *See* Ex. A at 3.

In addition, Ms. Hao also accompanied David on two work-related trips in 2022, Decl. ¶¶ 18–21, Exs. P at 3–11, Q at 3–5, R & S. In March 2022, she traveled with David to New York City to meet with Robert on OtterSec business. Decl. ¶¶ 18–19. In August 2022, she joined David on a trip to California to visit the offices of Solana Labs, Inc., along with a contact of David's who worked at Solend. Ex. S; *see* Decl. ¶ 21. David has said that he discussed the Solend Liquidator Code with Ms. Hao. *See* Ex. I (Resp. to Interrog. No. 15, Second Set of *Chen* Interrogs.).

### B. Ms. Hao's Failure to Comply with a Valid Subpoena

On December 5, 2025, Robert served Ms. Hao with a Subpoena to produce "all documents and communications" concerning the following topics: (i) OtterSec; (ii) Jump Crypto or its parent company, Jump Trading; (iii) Petitioner Robert Chen; (iv) *Yao v. Chen* Defendants RC Security LLC and/or Otter Audits LLC; (v) Sam Chen's Estate; (vi) any and all Solend Liquidator Codes or mSOL Market Maker Codes; (vii) David Chen's possession of JUP

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 6

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

tokens; (viii) David Chen's spoliation of evidence; and (ix) the two lawsuits. Ex. A; Decl. ¶ 22, Ex. T. The Subpoena required Ms. Hao to produce responsive documents at a location in Seattle by December 19, 2025. Ex. A. Ms. Hao did not meet the deadline. Decl. ¶ 23. Instead, on the day her production was due, she called the process server's office, telling a staffer that she "didn't understand" what she was supposed to send in and that she didn't have anything to send anyway. *Id.* On December 22, 2025, Ms. Hao hand-delivered a letter to the process server, stating: "I have conducted a diligent search for the documents and information listed in Exhibit A [of the Subpoena]; however, none are available to me, as I was not involved in any of the matters referenced." Decl. ¶ 23, Ex. U.

## C. Robert's Counsel Have Endeavored in Good Faith to Confer with Ms. Hao.

Although Local Civil Rule 37 does not apply to a subpoena issued under Rule 45,[4] Robert's counsel certifies that they have attempted in good faith to confer with Ms. Hao. Ms. Hao, however, has not responded to any of counsel's outreach. Robert's counsel made numerous attempts in January and February 2026 to contact Ms. Hao by phone, text, and email. Decl. ¶¶ 24–27, Exs. V and W. As of the filing of this Motion, counsel have <u>never</u> received <u>any</u> response from Ms. Hao to any of these communications.

## LEGAL STANDARD

"Absent undue burden or cost, or claims of privilege or protection, a person served with a subpoena *duces tecum* for documents and ESI must produce them." *Dermer v. Saltworks, Inc.*, No. C23-0443-JCC, 2023 WL 8780137, at *1 (W.D. Wash. Dec. 19, 2023) (citing Fed. R. Civ. P. 45(e)); Fed. R. Civ. P. 45(a)(1)(A)(iii). Where, as here, the recipient has failed to make

---

[4] *Inland Tech. Inc. v. Allen Co., Inc.,* No. 24-cv-5913, 2025 WL 3492846, at *1 n.1 (W.D. Wash. Dec. 5, 2025) ("Rule 37 and LCR 37 do not apply to Rule 45 third party subpoenas.").

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 7

the commanded production, the serving party may move for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 37(a)(4) (stating, in the context of party discovery, that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). Objections to a Rule 45 subpoena for documents must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served," or else they are waived. *See* Fed. R. Civ. P. 45(d)(2)(B); *Uzzell v. Teletech Holdings, Inc.*, No. C07-0232MJP, 2007 WL 4358315, at *1 (W.D. Wash. Dec. 7, 2007). Only the party commanded to produce documents may raise objections to the subpoena, and if they fail to do so, then a motion to compel will be granted, so long as the requested discovery is relevant. *Fernandez-Medina v. Olivarez*, No. 3:20-cv-05703-RAJ-JRC, 2022 WL 4120167, at *2 (W.D. Wash. Sept. 9, 2022) (granting a motion to compel under these circumstances).

"The scope of discovery under Rule 45 is the same as under Rule 26(b)." *See Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*, No. MC23-56RSL, 2023 WL 5533575, at *4 (W.D. Wash. Aug. 28, 2023). Under either rule, a party is "entitled to discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Fernandez-Medina*, 2022 WL 4120167, at *1 (quoting Fed. R. Civ. P. 26(b)(1)). The party seeking discovery "carries the 'initial burden of demonstrating relevance,'" at which point "the burden then shifts to the non-moving party to show that discovery should be disallowed," by the use of supporting evidence. *Grund & Mobil Verwaltungs AG*, 2023 WL 5533575, at *4.

## ARGUMENT

### I.   Ms. Hao Has Failed to Comply with the Subpoena.

Ms. Hao failed to timely: respond to the Subpoena, move to quash or modify the Subpoena, or object to the Subpoena. She tardily claimed to have conducted a "diligent search"

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 8

and found no responsive documents, Decl. ¶ 23, Ex. U, but those claims are belied by the responsive and relevant documents known to have been in her possession, custody, or control. Her untimely assertions cannot be credited.

Plaintiff Yao has acknowledged that she and Ms. Hao "discussed many aspects of this case generally," and Plaintiff Yao has produced text messages and emails in which they did so. Ex. J (Resp. to Interrog. No. 18, Third Amended Responses to Second Set of *Yao* Interrogs.); Ex. N; Ex. K; Exs. L & M; Ex. O. Plainly, all of the above-referenced communications were in Ms. Hao's "possession, custody, or control" when she sent or received them, and unless she deliberately purged her documents relating to the Maryland actions (as her cousin did), it stands to reason that she still possesses these responsive documents, or others.

It is highly unlikely that the communications with Plaintiff Yao in Exhibits K, L, M, N, and O represent all the responsive communications ever sent to or from Ms. Hao. These are only a handful that Plaintiff Yao and David have produced through their seriously flawed document collection and review process. *See* Ex. H at 5–8, 11.

The spoliation of David's evidence has made the Subpoena on Ms. Hao all the more vital. Despite being the primary custodian of documents in both Maryland actions, David spoliated relevant evidence, including Discord messages, records of edits made to OtterSec's codes, company records, and Signal communications with a key witness. Ex. G at 1–5. The Court in Maryland has held, in other cases, that the party moving for sanctions "must first demonstrate that it made a good faith effort to determine whether the ESI is truly 'irretrievable from another source.'" *Lifestyle Realty, LLC v. Kirn*, No. CV MJM-23-629, 2025 WL 2719984, at *16 (D. Md. Sept. 23, 2025) (quoting *GMS Indus. Supply, Inc. v. G&S Supply, LLC*, Civ. No. 2:19-CV-324 (RCY), 2022 WL 853626, at *5 (E.D. Va. Mar. 22, 2022)). This Subpoena on

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 9

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Ms. Hao is a good faith effort to retrieve any evidence David deleted that is still in her possession.

In addition, while David and Plaintiff Yao have produced a few emails between Ms. Hao and David, Robert's counsel have not identified, and David does not appear to have produced, any other communications between himself and his cousin. For example, they have produced no text messages between David and Ms. Hao. Decl. ¶ 29. David's counsel have represented that, as a result of his phone's malfunctioning in April 2023, they have been completely unable to collect his text messages from prior to that month. Ex. G at 15. Plaintiff Yao's production has shown that Ms. Hao discussed this action with her over text messages. *See* Ex. N. Productions in the Maryland actions have also shown that David used his phone to communicate with his mother about this action and the Solend Liquidator Code through text and picture messages. Ex. G at 15 (citing Spoliation Decl. ¶ 106 (attached hereto as Ex. E)). But David has not produced—because his counsel have not collected—a single text message he exchanged with Ms. Hao. Decl. ¶ 29. This despite the fact that she joined him on two 2022 business trips, first to New York City on an OtterSec trip where they met with Robert, and then to California where they met with Solend personnel with whom David has discussed the OtterSec Codes that operated in the Solana platform. This is a glaring omission from David's document production, especially since David has said he discussed the OtterSec codes with Ms. Hao. Ex. I (Resp. to Interrog. No. 15, Second Set of *Chen* Interrogs.). Because David's phone is inaccessible, if David and Ms. Hao exchanged any text or picture messages relevant to this litigation (and responsive to the Subpoena) before, during, or after these trips, Ms. Hao is the *only* one who has access to them.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 10

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

This is just one example of evidence that Ms. Hao might possess. Because Ms. Hao has refused to engage in good faith regarding the Subpoena, Robert has no idea what other categories of documents might be in her possession.

Under these circumstances, Ms. Hao's untimely and unbelievable claim that she searched for responsive documents and could not find any is evasive (at best) and must be treated as a failure to respond to the Subpoena, as it would for a party under Rule 37(a)(4) ("an evasive or incomplete . . . response must be treated as a failure to . . . respond").

## II. The Court Should Grant the Motion to Compel, as the Discovery Sought Is Relevant and Ms. Hao Has Waived Objections to the Subpoena.

Robert has given Ms. Hao numerous opportunities to discuss the Subpoena and her non-compliance. Ms. Hao, however, has hung up on Robert's counsel and has not responded to any of counsel's voicemails, emails, or text messages. *See* Decl. ¶¶ 24–27. Her obstruction has made this motion necessary. Having waived any objections to the Subpoena under Rule 45(d)(2)(B), Ms. Hao has no grounds for non-compliance. Because the evidence sought is relevant to the cases pending in the District of Maryland, her compliance should be compelled. *Fernandez-Medina*, 2022 WL 4120167, at *2.

### A. Robert Is Seeking Relevant Documents.

Robert's Subpoena easily clears the "low bar" of relevance. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Pizzuto v. Tewalt*, 136 F.4th 855, 868 (9th Cir. 2025) (internal quotations omitted). Here, the relevance of Robert's requests is undeniable. They cut straight to the heart of the litigation:

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

- Documents and communications concerning OtterSec and Jump relate directly to Plaintiff Yao's fraud claim, which is based on the false notion that David and Sam were misled about Robert's communications about Jump. Ex. B ¶¶ 137–45.

- Documents and communications concerning Robert, RC Security LLC, and Otter Audits LLC (as well as OtterSec) relate directly to Plaintiff Yao's claim that Robert breached his fiduciary duty in dissolving OtterSec and forming new companies. *Id.* ¶¶ 131–36.

- Robert and these two LLCs, along with Sam Chen's Estate, are parties in *Yao v. Chen*, so Ms. Hao's communications about these parties could be relevant to any claims in that lawsuit, as would documents and communications concerning this Action.

- Documents and communications concerning any Solend Liquidator Code or any mSOL Market Maker Code relate directly to Robert and OtterSec's claims that David stole these codes from OtterSec. Ex. C ¶¶ 128–40, 149, 153–67, 178–202.

- Documents concerning David's possession of JUP tokens relate directly to the claim that David stole such tokens from OtterSec. *Id.* ¶¶ 141–44.

- Documents and communications concerning David Chen's spoliation of evidence relate to a major discovery dispute and, since the scope of David's destruction of evidence remains unknown, Ms. Hao's documents could help reveal information deleted by David that relates to any claim or defense in either lawsuit.

To support his claims and defenses, Robert must have an opportunity to assemble a robust, detailed record as to each of these matters.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 12

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**B. Ms. Hao Has Waived Objections to the Subpoena.**

Having made no objections to the Subpoena within the time period allotted by Rule 45, Ms. Hao has waived any right to object to it now. Fed. R. Civ. P. 45(d)(2)(B). Ms. Hao was served with the Subpoena on December 5, 2025. Ex. T. Objections, accordingly, were due by December 19, 2025. Ms. Hao made none, thereby waiving the opportunity to raise objections in response to this motion. *Uzzell*, 2007 WL 4358315, at *1 ("A party who does not timely object to a Rule 45 subpoena waives any objection to the subpoena."); *see also In re Paatalo*, No. 9:26-mc-01-DWM, 2026 WL 446429, at *3 (D. Mont. Feb. 17, 2026).

**CONCLUSION**

For the foregoing reasons, the Court should grant Robert's motion and order Ms. Hao to produce all documents responsive to the Subpoena within 7 days of the Court's order.

Date: May 15, 2026

*I certify that this memorandum contains 3,822 words in accordance with LCR 7(e)(3)*

Respectfully submitted,

CORR CRONIN LLP

*s/ Colin M. George*
Colin M. George, WSBA No. 45131
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600
cgeorge@corrcronin.com

*Attorney for Petitioner Robert Chen*

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
BY NON-PARTY JUNYING HAO - 13

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, WA 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900