UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT CHEN,<br><br>Petitioner,<br><br>v.<br><br>JUNYING HAO,<br><br>Respondent. | CASE NO. 2:26-mc-00033-JNW<br><br>ORDER GRANTING PETITIONER'S MOTION TO COMPEL |

This matter comes before the Court on Petitioner Robert Chen's Motion to Compel Compliance with Subpoena by Non-Party Junying Hao. Dkt. No. 1.

This dispute arises from a case pending in the United States District Court for the District of Maryland. *See* Dkt. No. 1-1 at 51. On December 5, 2025, Petitioner Chen served a subpoena duces tecum on Respondent Hao. *Id*. at 343. Hao is not party to the Maryland litigation but Chen believes she has documents "necessary for [his] claims and defenses in Maryland." Dkt. No. 1 at 8. Hao didn't state any specific objections in her response to the subpoena. Instead, she said that

she conducted a diligent search but that no responsive documents were "available to [her]." Dkt. No. 1-1 at 345. Chen now moves to compel, arguing that Hao failed to timely respond to the subpoena and withheld responsive documents. *See* Dkt. No. 1 at 11-12.

Under Rule 45, a party may serve a subpoena commanding a nonparty to produce materials. Fed. R. Civ. P. 45(a)(1)(A)(iii). The issuing party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Absent undue burden or cost, or claims of privilege or protection, a person served with a subpoena duces tecum for documents and ESI must produce them. *Dermer v. Saltworks, Inc.*, No. C23-0443-JCC, 2023 WL 8780137, at *1 (W.D. Wash. Dec. 19, 2023). A nonparty who wishes to object must serve written objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). If she doesn't, she waives them. *Uzzell v. Teletech Holdings, Inc.*, No. C07-0232 MJP, 2007 WL 4358315, at *1 (W.D. Wash. Dec. 7, 2007). And when a nonparty neither objects nor complies, the issuing party may move for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). The Court's decision on a motion to compel is a matter of discretion. *Simplex Mfg. Co. v. Chien*, No. C12-835RAJ, 2012 WL 3779629, at *1 (W.D. Wash. Aug. 31, 2012) (citing *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 813 (9th Cir.2003)).

As an initial matter, the record indicates that Hao's initial response to the subpoena was timely: she delivered it on December 19, 2025, before the 5:00 p.m. deadline. *See* Dkt. No. 7-1 at 3, 6. But that response wasn't an objection, and Hao

served none, so she has waived any objection to the subpoena, including any claim of irrelevance, undue burden, privilege, or disproportionality. Hao now admits that she has responsive documents in her possession, custody, or control. *See* Dkt. No. 7 ¶ 8. Her belief that Chen already has them, *see id.*, doesn't excuse her from producing them. Nothing in the record shows that requiring Hao to file a supplemental response will disrupt the case management order in the Maryland action. As such, Chen's motion is GRANTED.

In his reply, Chen also asks the Court to award him fees and costs for bringing this motion and to order Hao to show cause why she shouldn't be held in contempt. Dkt. No. 8 at 4. The Court declines both requests. Civil contempt requires clear and convincing evidence. Hao responded by the deadline, and once Chen filed this motion, Hao acknowledged her documents and committed to produce them. Dkt. No. 7 ¶ 8. And Chen cites no authority for a fee award.

Accordingly, the Court ORDERS:

1. Petitioner's motion to compel, Dkt. No. 1, is GRANTED.
2. Within fourteen (14) days of this Order, Respondent MUST produce all non-privileged documents responsive to the subpoena.

Dated this 10th day of November, 2026.

Jamal N. Whitehead
United States District Judge